JOHNSON, Chief Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict in favor of the plaintiffs in a suit for damages arising out of an automobile accident.
The appellant is dissatisfied with the verdict awarded as physical damages suffered by the appellee Ola Farris, and the appellee-husband of Ola Farris, is dissatisfied with the verdict awarded him, representing the medical expenses incurred by him on behalf of his wife.
Mrs. Farris was driving her automobile from one road onto Pensacola Boulevard, a divided four-lane highway, having stopped before entering the boulevard and then proceeded across the southbound lane and made a left turn into the northbound lane. She contends that she was turning into the left hand or inside lane, and that she saw appellant’s auto a long distance down the road. The evidence is conflicting on the part of the appellant’s witnesses as to which lane appellant was travelling. There is evidence that at the time Mrs. Farris started making her turn, appellant’s auto was more than four hundred feet away. The appellant and at least one witness- for the appellant testified that they did not see appellee’s auto until within thirty feet or about two car lengths from it.
It appears to us that there were enough conflicts in the evidence from which the jury could have found either that the ap-pellee was negligent or that only the appellant was negligent — or reached other conclusions. It so happened, though, that the jury decided the appellant was only negligent in determining liability. This being a jury question and there being sufficient competent evidence to support such finding, we will not substitute our judgment for that of the jury. The amount of damages sustained by Mrs. Farris is not really contested by the appellant, only the liability, and again, there being ample evidence to support the amount of the verdict, we will not interfere therewith.
The appellee Ed Farris, has cross-appealed the amount of verdict awarded him, claiming the amount to be too small, pointing out that at the time of trial his actual expenses exceeded $11,000.00 (the verdict was for $12,000.00) and that with Mrs. Farris being permanently paralyzed, his medical expenses would be much more than that within the time to come.
*198 We again point out that this, too, falls within the prerogative of the jury and as with the amount of damage awarded Mrs. Farris, we will not substitute our judgment for that of the jury.
The appellant assigned three points to be argued, but each of them dealt primarily with the factual question of evidence. The three points were so closely related that they were argued together and we have elected to treat them in the same manner by dealing with the evidence as we have done supra.
In view of our reasons stated supra, the judgment appealed from, as well as the portion thereof on crooss-appeal, is affirmed.
RAWLS and SPECTOR, JJ., concur.